UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA THOMAS, | ) |
|        Plaintiff, | ) <br> ) <br> )   Case No.: 1:26-cv-1107 |
| v. | ) <br> ) |
| NICOR GAS COMPANY, | ) <br> ) |
|        Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Melissa Thomas ("Ms. Thomas" or "Plaintiff"), through undersigned counsel, and for Complaint, states as follows:

1. Plaintiff Melissa Thomas brings this civil action against Defendant Nicor Gas Company ("Nicor" or "Defendant") for disability discrimination, failure to provide reasonable accommodation, failure to engage in the interactive process in good faith, and retaliation, in violation of the Americans with Disabilities Act of 1990, as amended (the "ADA"), 42 U.S.C. § 12101 et seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 et seq.

2. Ms. Thomas is a long-tenured employee who, with a medically supported hybrid work arrangement ADA accommodation, successfully performed the essential functions of her Service Representative position.

3. After more than a year of successful performance with that ADA accommodation, Nicor abruptly revoked it and demanded full-time, in-office attendance without meaningful engagement and without exploring feasible alternatives.

1

4. As a direct result of Nicor's unlawful conduct, Ms. Thomas suffered a severe decline in health, was forced onto medical leave, lost income and benefits, depleted paid leave, and continues to be denied an effective accommodation.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a).

6. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal claims.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Nicor maintains offices in this District and the unlawful employment practices complained of occurred, at least in substantial part, in this District.

## PARTIES

8. Plaintiff Melissa Thomas is an individual residing in Dixon, Illinois.

9. Defendant Nicor Gas Company is an employer within the meaning of the ADA, 42 U.S.C. § 12111(5), and at all relevant times employed more than 15 employees. Nicor conducts business in Illinois and maintains offices in Naperville, Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Thomas began her employment with Nicor on or about March 11, 2002. She worked for many years as a Customer Service Representative in the call center and was promoted to Service Representative on July 11, 2014.

11. In her current role as a Service Representative, Ms. Thomas assists residential, commercial, and industrial customers with modifications to existing gas services.

12. She manages projects from initial customer contact through job release to the field.

13. She communicates with internal departments through Nicor's internal platforms and communicates with customers primarily by phone and email.

14. She performs periodic site visits that are largely limited to capturing photographs of meter locations and similar documentation.

15. Ms. Thomas has a disability within the meaning of the ADA consisting of depression and severe anxiety.

16. Her condition substantially limits major life activities including thinking, concentrating, and sleeping, and that the condition is permanent and requires ongoing medical care.

17. Nicor was aware of Ms. Thomas's disability and the functional limitations associated with it, including increased anxiety, sleep disruption, and difficulty concentrating when subjected to long commutes and inflexible in-office schedules.

18. Ms. Thomas has an approximately 87-mile one-way commute to Nicor's office. The commute and mandatory full-time in-office attendance exacerbate her symptoms, including sleep deprivation and heightened anxiety.

19. On October 18, 2023, Ms. Thomas requested two in-person days per week, and three remote days per week as an accommodation to her disabilities.

20. Ms. Thomas provided Nicor all requested accommodation paperwork requested of her and her medical providers.

21. The provider explained that this arrangement would allow Ms. Thomas to meet with customers, coordinate with colleagues, and perform all job functions, and that it would not create a hardship for Nicor.

22. On October 20, 2023, Nicor granted a disability accommodation that allowed her to work remotely three days per week.

23. Ms. Thomas successfully performed her job duties with the granted ADA accommodations.

24. Ms. Thomas provided updated documentation in or around May 2024 recommending continued hybrid work due to her disabilities.

25. In July and August 2024, Ms. Thomas began experiencing targeted scrutiny from management related to her accommodation, including being told she was the only Service Representative with an accommodation and being asked to provide detailed information about site visits (addresses, dates, and times) that Nicor did not request from other Service Representatives.

26. On November 18, 2024, Nicor's HR representative indicated she would follow up regarding accommodations, but Nicor did not provide any decision or meaningful engagement for months.

27. On February 3, 2025—approximately 15 minutes before the end of Ms. Thomas's shift—Nicor abruptly notified Ms. Thomas that her hybrid/remote accommodation was rescinded and that she must report to the office five days per week beginning the very next day.

28. Nicor's proposed replacement "accommodations" were ineffective and not responsive to Ms. Thomas's medical needs (including, among other things, noise-canceling headphones and relocation to a purportedly quieter area).

29. Ms. Thomas advised HR that headphones were not viable for her and that the arrangement would not address her disability-related limitations.

30. Ms. Thomas's job is typically performed via phone, email, or internal platforms and in-person meetings are rare.

31. Upon returning to the office under Nicor's new mandate, Ms. Thomas suffered a severe anxiety attack, experienced a significant decline in her health, and was forced onto medical leave.

32. During Ms. Thomas's leave, Nicor failed to handle her leave and benefits in a reliable and transparent manner.

33. For example, a third-party administrator denied paperwork in or around June 2025, yet HR indicated it was "working for her," leaving Ms. Thomas unaware of the denial for months.

34. Beginning in or around summer of 2025, all Service Representatives were permitted to work from home one day per week. The accommodation was effective and allowed Ms. Thomas and other Service Representative to perform the essential functions of their job.

35. Ms. Thomas's provider released her to return to work on or about August 8, 2025 and recommended reinstating the prior effective accommodation—specifically, a hybrid schedule of three days at home or in the Dixon office and two days in the regional office, with flexibility in selecting in-office days based on symptoms.

36. The provider reiterated that Ms. Thomas is fully capable of performing all essential job functions with this accommodation.

37. After an extended and delayed return-to-work process, Ms. Thomas returned to work on or about October 8, 2025.

38. Nicor nevertheless refused to reinstate an effective hybrid schedule and continued to require full-time, in-office work.

39. As a result, Ms. Thomas has been forced to use accrued vacation every Monday and Friday simply to manage her health and endure the workweek, and she remains at risk of

further deterioration and loss of employment if Nicor continues to deny a reasonable accommodation.

40. Nicor's stated position that remote work or work from a satellite location is not reasonable is pretextual.

41. Upon information and belief, similarly situated Service Representatives have been permitted to work from home or from other offices closer to home.

42. Upon information and belief, for example, a Service Representative residing in Indiana been permitted to work from home.

43. At all relevant times, Ms. Thomas was qualified to perform the essential functions of her position, with reasonable accommodation.

44. Under the hybrid accommodation Nicor previously approved and implemented, she performed successfully for more than a year.

45. Ms. Thomas requested reasonable accommodations, including continuation of a hybrid schedule.

46. Nicor denied those requests and failed to engage in a good-faith interactive process to identify an effective accommodation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

47. Ms. Thomas timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was also presented to the Illinois Department of Human Rights.

48. On September 17, 2025, Ms. Thomas filed an Amended Charge of Discrimination (EEOC Charge No. 440-2025-04268) asserting disability discrimination and retaliation and stating

that her reasonable accommodation was provided and then rescinded, forcing her onto medical leave and delaying her return to work.

49. On December 29, 2025, the EEOC issued Ms. Thomas a Notice of Right to Sue.

50. This action is filed within 90 days of Ms. Thomas's receipt of that Notice.

## COUNT I

## ADA – FAILURE TO ACCOMMODATE / FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

51. Plaintiff realleges and incorporates by reference Paragraphs 1 through 50 as if fully set forth herein.

52. Ms. Thomas is an individual with a disability within the meaning of the ADA.

53. Ms. Thomas was qualified to perform the essential functions of her Service Representative position, with or without reasonable accommodation.

54. Nicor was aware of Ms. Thomas's disability and her need for accommodation.

55. Ms. Thomas requested reasonable accommodations, including continuation of an effective hybrid/remote-work schedule.

56. Nicor failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith.

57. Instead, Nicor rescinded Ms. Thomas's accommodation on short notice, refused feasible alternatives, and imposed ineffective measures that did not address her limitations.

58. As a direct and proximate result, Ms. Thomas suffered harm, including exacerbation of her disability, medical leave, lost wages and benefits, depletion of leave, emotional distress, and other damages.

## COUNT II
## ADA – DISABILITY DISCRIMINATION

59. Plaintiff realleges and incorporates by reference Paragraphs 1 through 50 as if fully set forth herein.

60. Nicor subjected Ms. Thomas to adverse employment actions because of her disability, including revoking an effective accommodation, forcing full-time in-office attendance inconsistent with her medical restrictions, and causing her to be forced onto medical leave.

61. Nicor treated Ms. Thomas less favorably than similarly situated, non-disabled employees by denying her the flexibility and/or remote-work arrangements that were permitted for other Service Representatives.

62. Nicor's actions were intentional, willful, and in reckless disregard of Ms. Thomas's federally protected rights.

63. As a direct and proximate result, Ms. Thomas suffered damages, including but not limited to lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT III
## ADA – RETALIATION

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 50 as if fully set forth herein.

65. Ms. Thomas engaged in protected activity, including requesting reasonable accommodation, complaining about Nicor's accommodation decisions and treatment, and filing an EEOC charge.

66. Nicor subjected Ms. Thomas to materially adverse actions after and because she engaged in protected activity, including rescinding her accommodation, subjecting her to

8

heightened scrutiny, failing to facilitate a timely return-to-work process, and continuing to deny an effective accommodation.

67. There is a causal connection between Ms. Thomas's protected activity and Nicor's adverse actions, including temporal proximity and Nicor's expressed hostility toward her accommodation and related complaints.

68. As a direct and proximate result, Ms. Thomas suffered damages including lost wages, loss of benefits, emotional distress, and other harms.

## COUNT IV
## ILLINOIS HUMAN RIGHTS ACT – DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE / RETALIATION

69. Plaintiff realleges and incorporates by reference Paragraphs 1 through 50 as if fully set forth herein.

70. Nicor's conduct constitutes disability discrimination, failure to accommodate, and retaliation in violation of the IHRA, 775 ILCS 5/1-101 et seq.

71. As a direct and proximate result, Ms. Thomas has suffered damages as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Melissa Thomas respectfully requests that this Court enter judgment in her favor and against Defendant Nicor Gas Company and award the following relief:

- A declaration that Nicor's acts, policies, and practices complained of herein violated the ADA (and, to the extent applicable, the IHRA);

- Preliminary and permanent injunctive relief requiring Nicor to provide an effective reasonable accommodation, including reinstatement of a medically supported hybrid schedule;

9

- Back pay, including lost wages, benefits, and other compensation, plus pre- and post-judgment interest;

- Front pay and/or reinstatement and other equitable relief as appropriate;

- Compensatory damages for emotional distress, pain and suffering, mental anguish, and other non-pecuniary losses;

- Punitive damages under the ADA to the extent permitted by law;

- Reasonable attorneys' fees and costs; and

- Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: January 30, 2026　　　　　　　　　　　　　Respecfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　Melissa Thomas

　　　　　　　　　　　　　　　　　　　By:　　*/s/ Quinton Osborne*
　　　　　　　　　　　　　　　　　　　　　　　One of her attorneys

Quinton Osborne
Osborne Employment Law LLC
799 Roosevelt Road, Suite 3-201
Glen Ellyn, IL 60137
T: 331-702-1538
F: 331-465-0450
Quinton@OsborneEmploymentLaw.com
Attorney Number 6319417

11